## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

      **v.**　　　　　　　　　　　　　　　　　　　**Cr. No.  05-497  (JMF)**

**KEVIN L. SIMON,**

      **Defendant.**

---

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial.  After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1.　　Sergeant Timothy Cordright, of the Metropolitan Police Department, is the head of a multi-jurisdictional team that investigates vehicle theft.

2.　　On September 15, 2005, at about 3:30 p.m., he saw the defendant driving an ATV without a license plate through the parking lot of a 7-11 in the 900 block of Eastern Avenue, N.E., Washington, D.C.  When told to stop by the police, the defendant flipped the ATV and fell out of it.  He told the police that he had a gun in his pocket and the police ultimately found it.

3.　　The defendant told the police that he carried the gun for his own protection because "it is dangerous out there."  The defendant said that he had previously

been shot.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is a preponderance of evidence that defendant[*s'*] release on any condition or combination of conditions will not reasonably assure his appearance as required and their detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are determined to present a serious risk of flight may be detained pursuant to 18 U.S.C. section (f)(2)(A). If there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required, detention is appropriate. 18 U.S.C. § (e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1.  The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.  The weight of the evidence;

3.  The history and characteristics of the person, including

    a.  His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b.  Past conduct, history relating to drug or alcohol abuse;

    c.  Criminal history;

2

      d.      Record concerning appearance at court proceedings;

      e.      Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.      The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is a preponderance of evidence[1] that release on any condition or combination of conditions will not reasonably assure his appearance as required and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  The crime involved, possession of a firearm by a convicted felon, is not a crime of violence, which would raise a presumption in favor of detention. Singleton v. United States, 182 F.3d 7 (D.C. Cir. 1999).

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  Defendant is unemployed and the address he gave to the Pre-Trial Services Agency is the address of his mother's home where he gets his mail.  He offered that he would live with his fiancé if he were released.

**The weight of the evidence.**  The weight of the evidence is overwhelming.  Additionally, there was a screwdriver in the ATV's ignition and the ATV was reported stolen earlier that year. The gun was stolen in a burglary in 2004.

**History relating to drug or alcohol abuse.**  There was no information as to this issue

---

[1] See United States v. Xulam, 84 F.3d 441, 442 ( D.C. Cir. 1996).

3

but the defendant has been convicted of controlled substances offenses.

**Record concerning appearance at court proceedings and prior criminal record; whether on probation or parole at the time of the present offense.** The defendant is on parole in the District of Columbia on a possession with intent to distribute charge and he absconded from supervision in June of this year. He has an earlier felony grand larceny conviction and two misdemeanor convictions, one for a gun offense and the other for possession of marijuana.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial.

There is now probable cause to believe that the defendant has committed his third felony and he already has a prior conviction. While on parole on serious felony charges, the defendant is driving an obviously stolen vehicle and has a gun in his pocket. He has absconded from supervision, losing all contact with his parole officer for months.

The explanations defendant gives for his behavior hurt him more than they help him. He said he had the gun for his protection, meaning that he was ready to use it to hurt someone else upon whatever provocation the defendant thought sufficient. That might be "the Code of the West" but this is the District of Columbia where vendetta, revenge, and a corrupted sense of self-defense have taken so many young lives.

Defendant claims that he lost all contact with his parole officer because he was afraid that the parole officer would "violate" him because the defendant lost his job. This attitude speaks volumes about how the defendant viewed his parole officer–someone from whom the truth must be hidden. It is also clear that the defendant views his parole as a series of conditions to be

4

avoided by running away.  That attitude robs me of any confidence would take any more

seriously the conditions I would set, including the central condition of his release, that he commit

no new crimes if released.

I therefore find by a preponderance of the evidence that there are no conditions or

combination of conditions I could set which would reasonably assure this defendant's appearance

as required.  I will, therefore, order the defendant detained without bond pending trial.


_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**September 26, 2005**

5