IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Case No. 05-382 (EGS) |
| ) | |
| DELONTE LEE JOHNSON, ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Delonte Lee Johnson, by his attorney, Jonathan S. Jeffress, Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter. Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of United States v. Booker, Mr. Johnson respectfully requests that the Court sentence Mr. Johnson to a period of incarceration not greater than 24 months. This sentence will serve a number of the salutary goals recognized in 18 U.S.C. §3553(a), including: (1) punishing Mr. Johnson for his offense; (2) recognizing Mr. Johnson's immediate acceptance of responsibility in this case; and (3) allowing Mr. Johnson to participate in the Bureau of Prisons' 500 hour Residential Drug Treatment Program ("RDAP").

In support of this Motion, counsel submits as follows:

1. Mr. Johnson appears before the Court after having pled guilty to possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g).

2. Mr. Johnson was arrested on September 15, 2005, for unauthorized use of an ATV. Significantly, during his arrest, Mr. Johnson volunteered to the police officers that he was

carrying a gun.[1]  See 9/23/05 Preliminary Hearing Transcript at 13 (Ex. 1) ("So he voluntarily told you that?  Yes").  Mr. Johnson immediately began speaking with police and accepted full responsibility for possession of the handgun.  Mr. Johnson also explained why he had obtained the handgun; that he possessed the gun because "it was dangerous out there, he had been shot in that same area some time beforehand."  See id. at 8 (Ex. 2).

   Immediately after he was appointed defense counsel, Mr. Johnson stated his interest in pleading guilty.  Mr. Johnson pursued no motions and, to the contrary, asked to enter a guilty plea at the earliest possible date.

   3.   Mr. Johnson has several prior convictions, but only one resulted in a sentence of over 30 days.  See PSR ¶¶ 25-28.  Mr. Johnson was released to supervision in that case on October 3, 2004.  In addition to receiving three points added to his criminal history score because he was on supervision, a detainer has been lodged against Mr. Johnson such that he will also have to face revocation proceedings before the United States Parole Commission.  See PSR p. 1 (reflecting U.S. Parole Commission detainer).

   4.  Mr. Johnson grew up "on the streets," without any relationship to his father.  See PSR ¶ 36.  Nevertheless, Mr. Johnson is by all reports an excellent father to his own daughter, Heavin Simon (3 years old) and to the two children of Mr. Johnson's girlfriend, Crystal Matthews.  Mr. Johnson and Ms. Matthews lives together with their three children.

   5.  Until just before his arrest, Mr. Johnson supported the family through his work as a letter carrier for DHL.  See PSR ¶ 38.  Mr. Johnson unfortunately lost that job just several weeks

---

[1] The Presentence Report mistakenly states that Mr. Johnson's statement about the gun was in response to a police question about whether he had anything on him.  See PSR ¶ 8.  The police officer's testimony at the preliminary hearing addresses this issue.  See Ex. 1.

before being arrested in this case.

6. Mr. Johnson was shot in 2001 in the back of the neck during a robbery. See PSR ¶ 41. The bullet remains visibly lodged in Mr. Johnson's neck and he experiences ongoing pain and medical problems associated with it. See id.

## DISCUSSION

**I.    SENTENCING FRAMEWORK POST BOOKER**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, __ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Among the matters that §3553(a) requires the sentencing judge to consider are:

> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (I) issued by the Sentencing Commission ....
> (5) any pertinent policy statement--
> (A) issued by the Sentencing Commission ....
> 18 U.S.C. § 3553(a)(4), (5).

Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed

> (A) to reflect the seriousness of the offense, to promote

>    respect for the law, and to provide just punishment for the
>    offense;
>
>    (B) to afford adequate deterrence to criminal conduct;
>
>    © to protect the public from further crimes of the defendant;
>    and
>
>    (D) to provide the defendant with the needed educational
>    and vocational training, medical care, or other correctional
>    treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above. Id.

## II.    MR. JOHNSON'S ADVISORY GUIDELINE RANGE.

### A.  Adjusted Offense Level

The Probation Department, using the 2005 edition of the Sentencing Guidelines Manual, has concluded that the Adjusted Offense Level in Mr. Johnson's case is 20. That offense level includes a six point increase because of Mr. Johnson's 2002 possession with intent to distribute cocaine conviction from Superior Court. With a three level reduction for Acceptance of Responsibility, Mr. Johnson's Total Offense Level is 17. Mr. Johnson does not dispute this calculation.

### B.  Criminal History Computation

The Probation Department has concluded that based on his prior convictions, Mr. Johnson' Criminal History Category is IV. That criminal history score is one category higher based on the fact that Mr. Johnson was on supervised release at the time of this offense. As noted, a detainer has been lodged such that Mr. Johnson will soon face revocation proceedings

before the United States Parole Commission.

### C. Potential Departure Considerations Under the Advisory Guidelines

As noted above, among the matters that §3553(a) requires the sentencing judge to consider with regards to the advisory guidelines are:

> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (I) issued by the Sentencing Commission ....
> (5) any pertinent policy statement--
> (A) issued by the Sentencing Commission ....
> 18 U.S.C. § 3553(a)(4), (5).

As noted above, Mr. Johnson voluntarily admitted to his possession of a handgun and provided the police with a statement at the time of his arrest. When counsel first met with him, Mr. Johnson informed counsel that he wished to accept responsibility for his conduct. Therefore, while the case was still pending before the Magistrate and before the preliminary hearing was held, counsel contacted the government to request a plea offer that would qualify under §5K3.1 (Early Disposition Program).[2] The government, however, did not extend a plea prior to indictment. Thus, even though Mr. Johnson wanted to plead guilty to the charged against him within days of his arrest, the case was not resolved for several months and after several court hearings.

In 2003, the Sentencing Commission issued a policy statement, contained in U.S.S.G. §5K3.1, in which the Commission approved of a downward departure of up to 4 levels for

---

[2] Under U.S.S.G. §5K3.1, the sentencing court is permitted to downward depart up to 4 levels if the United States Attorney's office in the defendant's district has an early disposition program and the government makes the appropriate motion. The United States Attorney's office in this district had such a program as recently as two years ago but no longer has such a program.

defendants who agree to plead guilty very early on in the proceedings. The merits of this policy statement are readily apparent. Early dispositions conserve scarce prosecutorial and judicial resources. As this Court is fully aware, there are an overwhelming number of possessory gun cases prosecuted in this district. Most of the cases involve facts strikingly similar to Mr. Johnson's where the weapon is found on the defendant's person, leaving little or no factual issues to be resolved at a trial. Many of these cases clog the courts' calendars while the parties attempt to "hammer out" an agreement resulting, almost always, in the defendant simply pleading to the offense several months later. Section 5K3.1 implements the Sentencing Commissions' desire that defendant who agree to plead early on in the proceedings receive additional dispensation.

A 4 level reduction in the offense level in Mr. Johnson' case would result in an Offense Level of 13. With a Criminal History Category of IV, Mr. Johnson' advisory sentencing guideline range of imprisonment would be 24-30 months. Counsel respectfully submits that a sentence within that range would address all of the sentencing goals under 18 U.S.C. § 3553(a).

### III.    IMPOSITION OF SENTENCE.

    A.    **Nature of the Offense**

While the possession of a weapon after having previously been convicted of a felony offense cannot be classified as a non-serious offense, it has not been classified as a crime of violence under either the guidelines or the United States Code. Moreover, there is no evidence that Mr. Johnson ever brandished the weapon. Instead, Mr. Johnson obtained the weapon for self protection. Mr. Johnson voluntarily told the police at the time of his arrest that he had the weapon in his possession. He also explained to the police that he was carrying the weapon for self-defense.

**B.     Character of the Defendant**

Mr. Johnson is a man struggling to find his place in the world. He has worked hard to take care of his family, including his long-time girlfriend, Crystal Matthews, and the three children whom he cares for, including his 3 year old daughter. He has also made strides in holding down employment. Mr. Johnson's efforts are not lost on his Ms. Matthews, who has been with Mr. Johnson through every stage of this case. Ms. Matthews will be present at sentencing.

For all of Mr. Johnson's strides, however, it is evident that he suffers from a drug problem. Mr. Johnson seeks treatment. Accordingly, Mr. Johnson requests a recommendation for the Bureau of Prisons "500 hour" Residential Drug Treatment Program ("RDAP"). See Ex. 3 ("Reducing Recidivism: The Bureau of Prisons Comprehensive Residential Drug Abuse Program," by Allan Ellis, J, Michael Henderson, and James Feldman, Jr.). While Mr. Johnson may not be eligible for early release under the program, he is determined to take advantage of the program in order to gain better insight into his long history of substance abuse. As reflected in the attached description of the RDAP program, an inmate can complete the program within nine months. See id. at 3 ("RDAP can now be completed in as little as nine months"). The benefits of the RDAP program for offenders and for the community are well-recognized. See id. at 3 (citing to B.O.P. study finding that "RDAP participants are significantly less likely to recidivate and less likely to relapse upon release than non-participants").

**C.     Range of Sentences Available**

As noted above, both the guidelines and the Code envision that individuals convicted of offenses to which Mr. Johnson has pled guilty may be sentenced to a period of probation or up to

10 years in prison. The Court is therefore authorized to impose any sentence within this range.

### D. Need to Avoid Unwarranted Sentencing Disparities

Mr. Johnson has been significantly prejudiced because this district no longer has an Early Disposition Program. At the earliest possible moment, Mr. Johnson informed the government of his desire to plead guilty. Had Mr. Johnson incurred his charge earlier, when this district had an Early Disposition Program, or incurred his charge in a district where an Early Disposition Program is in place, there is a very strong possibility that by announcing his intention to plead guilty to the charges so early in the proceedings Mr. Johnson would have received the benefit of U.S.S.G. §5K3.1. This is precisely the type of sentencing disparity that 18 U.S.C. §3553(a) seeks to avoid.

### E. Need to Provide Restitution to the Victims

Restitution is not an issue in this case.

## CONCLUSION

A sentence of not more than 24 months will meet the needs of the public in this case. Mr. Johnson has clearly demonstrated acceptance of responsibility for his actions, both in terms of his words <u>and</u>, more importantly, his actions. Any "debt owed to society" will be satisfied by a term of not more than 24 months in prison, and Mr. Johnson will also be able to complete the 500 hour drug program during such a sentence.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


"/s/"
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500