UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-382 (EGS) |
| | : | |
| | : | Sentencing: April 26, 2006 |
| DELONTE JOHNSON a/k/a | : | |
| KEVIN SIMON | : | |
| | : | |
| Defendant. | : | |
| | : | |

UNITED STATES' MOTION FOR
THREE POINT REDUCTION FOR ACCEPTANCE
OF RESPONSIBILITY
AND MEMORANDUM IN AID OF SENTENCING

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and hereby respectfully submits its Motion For Three-Point Reduction For Acceptance of Responsibility and Memorandum in Aid of Sentencing. In support thereof, the United States would respectfully showing the following:

**Motion for Reduction**

A. <u>Factual Summary</u>

1. Shortly after 3:00 p.m. on September 15, 2005, officers with the Metropolitan Police Department's WAVE Team observed someone, who was later identified as Marcus Stewart, operating a Suzuki All Terrain Vehicle (ATV) in the 1100 block of Eastern Avenue, N.E., Washington, D.C. This Suzuki ATV had been previously reported as stolen. Before they could stop him, Mr. Stewart went into a wooded area.

2. A short while later, the officers observed the defendant, who was later identified at

Delonte Johnson, operating the same ATV in the parking lot of a 7-Eleven store located at 950 Eastern Avenue, N.E., Washington, D.C. When the officers attempted to stop the defendant, he accelerated the ATV and popped a "wheelie" and fell off the ATV. The defendant was then apprehended by the police.

3. The officers checked the Vehicle Identification Number and confirmed that he had been reported as stolen. The officers also observed that the ignition of the ATV had been punched and that the cylinder holding the ignition lock had been removed, and that the ATV was being operated by a means other than the ignition key. The defendant was then placed under arrest for unauthorized use of a motor vehicle.

4. Prior to being searched incident to that arrest, the police asked the defendant if he had anything on him and he stated that he had a gun in his pocket. The police recovered a Bersa "Thunder" .38 caliber semi-automatic hand gun from the defendant's left front pants pocket. The gun was loaded with one round in the chamber and 6 rounds of .38 caliber ammunition in the magazine. The defendant told the police that the he carried the gun because he had been shot, or shot at, on previous occasions.[1]

Defendant's Acceptance of Responsibility

5. The defendant expressed an interest in entering into a plea early in this case. Although the matter had to be continued to resolve a jurisdictional issue, the defendant eventually pled guilty on January 26, 2006, to one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year. Because of the

---

[1] The evidence would have also shown that the gun was operable and that it had been brought into the District of Columbia from another state. The defendant also had a prior conviction for possession with the intent to distribute cocaine.

defendant's early acceptance of responsibility, the United States was able to conserve valuable prosecution resources. Therefore, the defendant is entitled to a three-point reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines.

### Memorandum in Aid of Sentencing

6. Based on the information set forth in the Presentence Investigation Report, the defendant's base offense level is 20, having pled guilty and accepted responsibility for unlawfully possessing a firearm and ammunition. U.S.S.G. §2K2.1. The defendant, as set forth above, is entitled to a three point reduction in his base offense level pursuant to U.S.S.G. § 3E1.1. In the event that the Court grants the United States' motion, the defendant's base offense level would then be 17. Based on a total offense level of 17 and a criminal history category of IV, the guideline range of imprisonment is 37 to 46 months. U.S.S.G. Chapter 5, Part A.[2] The government is recommending that the defendant be sentenced to 46 months. In addition, the government requests that the remaining count in the indictment be dismissed pursuant to the terms of the plea agreement.

7. The Court should impose a sentence within the Sentencing Guideline range. In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). <u>Booker</u>, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark

---

[2] The government's position on defendant's base offense level, as well as its positions on all applicable specific offense characteristics and adjustments is supported by the Presentence Investigation Report – the Presentence Report writer having weighed the relevant objections of defense counsel prior to issuing the Report.

for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In light of this mandate – and the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Not only is a sentence within the Guideline range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences.

8. The Sentencing Guideline range is not only presumptively reasonable, for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case. The facts and circumstances of this case, when viewed in conjunction with the defendant's criminal history warrant a sentence of incarceration at the upper end of the guideline range.

9. Although it is being dismiss, it is noteworthy that the defendant was operating an ATV

that had been reported as stolen. Moreover, when the police attempted to stop him in the parking lot of the 7-Eleven, the defendant attempted to flee in a reckless and dangerous manner. Fortunately, there were no injuries to bystanders and it was only the defendant who fell to the ground. Nonetheless, this sort of behavior is unlawful and, especially when viewed in light of the fact that he was in possession of a loaded gun, presents a danger to the community.

10. At the time of sentencing, the defendant will be twenty-five years of age. By this point in his life, the defendant already has one juvenile conviction for Grand Theft, which appears to be related to the theft of a vehicle. The defendant also an adult conviction for theft, which is related to driving a stolen vehicle in Maryland. In 2003, the defendant was convicted of possession with the intent to distribute cocaine after the police recovered 14.2 grams of cocaine. The defendant was also convicted in 2003 for possession of marijuana. Finally, the defendant was convicted in Maryland of having a .38 caliber handgun and ammunition in a vehicle. The defendant's criminal history presents a disturbing pattern of criminal activity that combines guns, drugs and unlawfully operating vehicles that do not belonging to him.

11. Moreover, as noted in the PSI, the defendant was on supervised release at the time when he committed the instant offense. Thus, at a time when the defendant should have been on his best behavior and certainly not committing any new offenses, he was found by the police to be operating a stolen ATV and possessing a .38 caliber handgun.

12. In sum, the defendant's behavior and background information noted in the PSI demonstrates that he is committed to engaging in unlawful activities that present real and substantial dangers to the community. For these reasons, the United States recommends that the defendant be sentenced to 46 months.

13. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the needs of the rehabilitative needs of the defendant. Id. In the instant case, there is a significant need to protect the public from the defendant's prolific criminal behavior. Indeed, despite several earlier brushes with the law and being on supervised release, the defendant elected to operate a stolen ATV and possess a loaded .38 caliber handgun.

Respectfully,

KENNETH L. WAINSTEIN
United States Attorney

By: _____
MICHAEL T. TRUSCOTT
ASSISTANT UNITED STATES ATTORNEY
Member of the New York Bar
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
Phone: (202) 514-7533
Fax: (202) 514-6010

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing United States' Motion for Three-point Reduction for Acceptance of Responsibility and Memorandum in Aid of Sentencing was caused to be served via United States Mail, postage prepaid, upon counsel of record for the defendant, Jonathan Jeffress, Federal Defender Service, this 10th day of April, 2006.

 

_____
MICHAEL T. TRUSCOTT